[No. 11075.  Department Two.  July 8, 1913.]

George A. Wilkie, *Appellant*, v. Clarissa A. Bailey *et al.*,

*Respondents.*[1]

Executors and Administrators — Appointment — Application—
Jurisdiction. An application for the appointment of an administrator need not be made by the person for whom letters are asked; and where it states all jurisdictional facts, the court acquires jurisdiction to make the appointment, and if the appointee fails to qualify, to appoint any other suitable person without any formal renunciation or any further application.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 14, 1912, denying an application for appointment as administrator of an estate, after a hearing before the court.   Affirmed.

*E. T. Trimble*, for appellant.

*Buck, Benson & Knutson*, for respondents.

Morris, J.—Clarissa A. Hamblet, a resident of King county, died intestate December 4, 1911, leaving an estate consisting of both real and personal property.   On December 15, Clarissa A. Bailey, a niece of the deceased, filed a petition asking for the appointment of Alonzo Hamblet, a nephew of deceased, as administrator, the petition touching the fact of heirship reciting that the deceased left her surviving certain nephews and nieces.   Citation was issued, and on January 4, 1912, the petition came on for hearing, when the court appointed Alonzo Hamblet as such administrator and fixed the amount of his bond.   Alonzo Hamblet failed to qualify as such administrator, and on January 26, 1912, this fact being brought to the attention of the lower court, Clarence L. Gere was appointed administrator of this estate, and he thereupon qualified and proceeded to administer upon the estate.   On October 25, 1912, George A. Wilkie filed his

[1]Reported in 133 Pac. 388.

petition requesting his appointment as administrator of the estate. Citations issued and were served upon the administrator and others, and upon the hearing the lower court denied the application of Wilkie, and he appeals.

The claim of error is that the lower court, in all proceedings prior to the filing of the petition by appellant, was acting without jurisdiction. The application of Clarissa A. Bailey was sufficient. It contains all the jurisdictional facts referred to in *McLean v. Roller*, 33 Wash. 166, 73 Pac. 1123, as necessary to be set forth under our statute. Appellant seems to interpret the statute as requiring the person to whom letters of administration were issued to make the application. We find no such requirement. When Alonzo Hamblet failed to qualify, the jurisdiction obtained by the court under the petition of Clarissa A. Bailey was sufficient to authorize the appointment of any person whom the court deemed competent and suitable, without any formal application by the person so appointed or formal renunciation by the person failing to qualify, as contended by appellant. This being the only question in the case submitted by the appeal, nothing more need be said.

The judgment is affirmed.

Ellis, Fullerton, and Main, JJ., concur.