[Civ. No. 1862.   Third Appellate District.—September 18, 1918.]

GEE CHONG PONG et al., Copartners, etc., Appellants, v. MARGARET HARRIS, as Administratrix, etc., Respondent.

ESTATES OF DECEASED PERSONS—CLAIM AGAINST ESTATE—PARTNER-SHIP—INSUFFICIENT AFFIDAVIT.—An affidavit to a claim of a partnership against an estate of a deceased person, reading "Fook Hing Lung Co. . . . being duly sworn," etc., stating the nature of the claim, that it is partly due, that it is therewith presented, etc., "that

there are no offsets to the knowledge of said claimant," and signed "Fook Hing Lung Co. by Gee Chong Pong, Member & Clerk of said Co.," is insufficient, since it purports to be made by one incompetent to make it, to wit, the partnership.

AFFIDAVIT—TEST OF SUFFICIENCY.—A test of the sufficiency of an affidavit is whether it is so clear that an indictment for perjury may be sustained on it if false.

APPEAL from a judgment of the Superior Court of Plumas County.  J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. N. Peter  and James A. Nutting, for Appellants.

A. R. Tabor  and W. T. Phipps, for Respondent.

CHIPMAN, P. J.—The second amended complaint sets forth an action in two counts.  The first is based upon the sale of two certain gold nuggets, one of the value of $135 and the other of the value of $75, "upon an understanding and agreement between plaintiffs and said Aaron Harris (defendant's intestate) that plaintiffs should have a lien upon said personal property as security for the return thereof to plaintiffs or the payment to plaintiffs of the value thereof."  It is alleged "that said Aaron Harris never returned the said personal property or paid plaintiffs the value thereof, and ever since the said second day of September, 1914, said personal property has been held and possessed by said Aaron Harris and his estate," and that at the time of his death said Aaron Harris was indebted to plaintiffs in the sum of $210 for said gold nuggets "and the estate of said deceased is still indebted to plaintiffs therefor."

For a second cause of action it is alleged that, on September 2, 1914, "plaintiffs purchased of said Aaron Harris certain goods, wares, and merchandise, to wit, certain hams, and then and there paid said Aaron Harris cash in the sum of $15 therefor," to be thereafter delivered, but "that said Aaron Harris never delivered the said hams to plaintiffs and plaintiffs have never received the same"; that at his death the said Harris was indebted to plaintiffs in the sum of $15, no part of which has ever been paid and said estate is indebted therefor.

The prayer is for judgment for $225; "that $210 thereof be adjudged a lien on the said personal property; that said personal property be decreed to be sold in satisfaction of said lien; that the said claim be allowed and approved and adjudged to be a valid claim against the said estate, and that said administratrix be directed to pay the same in due course of administration."

The affidavit to the claim, which latter is the basis of the action, reads as follows:

"State of California,

    County of Plumas,—ss.

"Fook Hing Lung Co., whose foregoing claim is herewith presented to the administratrix of said deceased, being duly sworn, says that the amount thereof, to wit: the sum of two hundred and twenty-five ($225.00) dollars, is justly due to the said claimant; that no payments have been made thereon which are not credited, that there are no offsets to the same to the knowledge of said claimant.

"FOOK HING LUNG Co.

"By GEE CHONG PONG,

"Member & Clerk of said Co.

"Subscribed and sworn to before me this 20th day of September, A. D. 1915.

"(Seal) .                  ELIZABETH CAYA,

"Notary Public, in and for Plumas County, State of California.

    "My Commission expires Apr. 2, 1916. .

"Endorsement: The within claim rejected this 15th day of October, A. D. 1915. Margaret Harris, Admx. of Estate of Aaron Harris."

Defendant demurred to the complaint on the following grounds: 1. That the court has not jurisdiction "by reason of the fact that no lien is shown by said complaint and that the amount of the claim sued upon is less than three hundred dollars"; 2. That two causes of action, one for the foreclosure of a lien for a balance due on account of said nuggets, and one for cash advanced for certain hams, are improperly united; 3. That said complaint does not state facts sufficient to constitute a cause of action.

The court sustained the demurrer "without leave to amend," and judgment passed for defendant. Plaintiffs appeal from the judgment.

Clearly, the court was without jurisdiction, unless the action relating to the alleged sale of said nuggets can be treated as an action in equity on the ground that an equitable lien arose out of the alleged agreement. We do not deem it necessary to pass upon this question.

It was necessary to the maintenance of the action that the claim should first be properly presented to the administratrix as required by section 1494 of the Code of Civil Procedure, and "must be supported by the affidavit of the claimant, or someone in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the affiant. . . . When the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant."

It will be observed that the affidavit states that the claim was presented by Fook Hing Lung Co. and that "Fook Hing Lung Co. . . . being duly sworn, says," etc., and "that there are no offsets to the same to the knowledge of said *claimant.*" The affidavit is signed: "Fook Hing Lung Co. by Gee Chong Pong, Member & Clerk of said Co."

A test of the sufficiency of an affidavit is whether it is so clear and certain that an indictment for perjury may be sustained on it if false. (2 C. J. 348.) It has been held that an affidavit cannot be made by a partnership firm in the firm name, since it would be impossible to convict the individual partners of perjury upon the evidence of such affidavit. (2 C. J. 325.) "An affidavit on behalf of a partnership, therefore, should be sworn to by one of the partners, and where it appears in the body of the affidavit that it was sworn to by one of the partners it is sufficient, although signed with the firm name." (Id.)

The affidavit states that the partnership was sworn, and it nowhere appears that the affidavit was sworn to by one of the partners. As signed, it imports that Gee Chong Pong signed the name of the firm, but does not import that he was sworn. Nor does it appear from the *jurat* by whom the affidavit was sworn to. The implication, if any, would be that it was sworn to as stated in the body of the affidavit, to wit, by the partnership. If the affidavit had been properly made by one of the partners the statement that there are no offsets to the knowledge of *claimant* instead of *affiant* would be immaterial.

(*Warren* v. *McGill*, 103 Cal. 155, [37 Pac. 144].) As the affidavit reads, there is no statement that there are no offsets for the reason that the affidavit purports to be made by one incompetent to make it, to wit, the partnership. That such statement is essential, see *Perkins* v. *Onyett*, 86 Cal. 348, [24 Pac. 1024].

In *Maier Packing Co.* v. *Frey*, 5 Cal. App. 80, [89 Pac. 875], the affidavit read: "Maier Packing Co., by Simon Maier, Pres., whose foregoing claim is herewith presented to the administrator of the estate of said deceased, being duly sworn, says," etc. (Signed) "Maier Packing Co., Simon Maier, Pres. Subscribed and sworn to before me, this 15th day of June, 1904." It was held "impossible to reconcile the provisions of this affidavit with the requirements of the statute," citing *Perkins* v. *Onyett, supra*. It is claimed that the Maier Packing Co. case is not to be followed, citing *Scott Stamp & Coin Co.* v. *Leake*, 9 Cal. App. 513, [99 Pac. 731], and *Western States Ins. Co.* v. *Lockwood*, 166 Cal. 185, [135 Pac. 496]. In both of these cases the affidavits appeared to have been made by one of the officers of the corporation, and it was held in such case that the requirement of the statute that where the affidavit is made by a person other than the claimant the reason therefor must be set forth, does not apply. And, also, where the affiant and the claimant are the same, it is sufficient if the affidavit states that there are no offsets to the knowledge of *claimant*, though the statute uses the word "affiant." In the present case the affidavit does not show that it was sworn to by any person competent to make it.

We do not think the statute has been sufficiently complied with. The judgment is, therefore, affirmed.

Hart, J., and Burnett, J., concurred.