[Civ. No. 3131.   First Appellate District, Division Two.—December 12, 1919.]

BLANCHE PEARL JERAULD, Appellant, v. GEORGE J. CHAMBERS, Respondent.

[1] ESTATES OF DECEASED PERSONS—PETITION FOR LETTERS—SUFFI-CIENCY OF SIGNING.—Where the petition for letters of administration is signed by one entitled to letters and by counsel, though not by the nominee asked to be appointed, and such nominee consents to act, the requirement of section 1371 of the Code of Civil Procedure that the petition should be "signed by the applicant or his

counsel" is sufficiently complied with, and the letters thereupon issued, upon hearing, are not void.

[2] ID.—ACTION TO QUIET TITLE—COLLATERAL ATTACK ON ORDER APPOINTING ADMINISTRATRIX.—In an action by an administratrix to quiet title, the validity of the order appointing such administratrix is not subject to attack on the ground that the petition for letters was not sufficiently signed.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Reversed.

The facts are stated in the opinion of the court.

N. S. Hammack and W. R. Andrews for Appellant.

Crouch & Chambers for Respondent.

NOURSE, J.—Appellant was plaintiff in an action brought in the superior court to quiet title to certain lands claimed adversely by defendants. In her complaint she alleged that on a certain day she had been duly and regularly appointed administratrix of the estate of Herbert A. Jerauld deceased, and that immediately thereafter she duly qualified and continued to act as such; that the property which was the subject matter of the litigation was owned by the estate of said decedent and that she, as administratrix thereof, was entitled to the possession of the property. Adverse claims were alleged on the part of the defendants, and the usual prayer for the quieting of title was made. The defendant Chambers alone appeared and denied upon lack of information and belief the due appointment or qualification of the plaintiff as administratrix of said estate. Upon the trial it was shown that plaintiff was appointed administratrix upon the petition of A. A. Jerauld, the son of the deceased, which petition, after stating the jurisdictional facts and the written consent and request of A. A. Jerauld and Mrs. Susie Arnold, the son and daughter of the deceased, for the appointment of Mrs. Blanche Jerauld as administratrix, prayed that such appointment be made. The petition was signed by A. A. Jerauld, and by an attorney of the court, as counsel for petitioner. It was not signed by Mrs. Blanche Jerauld, but she consented to act, letters were issued to her, and she immediately qualified.

Upon this showing the court held that the plaintiff had not been legally appointed as such administratrix because she had not signed the petition, and rendered judgment against the plaintiff dismissing the action, each party to pay his own costs. The appeal is from this judgment.

Two points are raised upon the appeal. First, that the petition for the letters of administration was sufficiently signed; and, second, that in any event the order appointing the administratrix was not subject to collateral attack.

[1] The position of respondent is that under section 1371 of the Code of Civil Procedure the petition for letters of administration should have been signed by Mrs. Jerauld, who was by the order of the court appointed administratrix. That section provides that such petitions must be "signed by the applicant or his counsel." The petition here in question was signed by A. A. Jerauld, who, under section 1365 of the Code of Civil Procedure was, with his sister, Mrs. Arnold, entitled to first consideration in the selection of an administrator. It was also signed by counsel as attorney for petitioner.

If one who is entitled to letters of administration files a petition asking that letters be granted to another, it would seem that the petitioner would be the "applicant" within the meaning of section 1371. If so, the signature of A. A. Jerauld to this petition was sufficient. If, on the other hand, the nominee is the "applicant," then the petition may be treated as having been filed in her behalf and the signature of the counsel meets the requirements of the statute. If the nominee's signature is a jurisdictional requirement, it is supplied by her consent to act and the letters are not void. (Code Civ. Proc., sec. 1371.)

But, in any event, upon presentation of the petition, the court must hear proofs of the jurisdictional facts (Code Civ. Proc., sec. 1371) and must also pass upon the sufficiency of the petition in making the order appointing the administratrix. [2] As the court had jurisdiction of the subject matter, objections to the mode of procedure were questions which could have been raised on an appeal from the order or by a direct attack for lack of jurisdiction or on the ground of fraud or mistake. No appeal having been taken from the order, and no direct attack having been made thereon, it became a final adjudication of the juris-

diction of the court to act, as well as the rights of the parties under the letters issued. In the absence of an appeal or other direct attack upon the order, it is free from a collateral attack in a suit brought by the administratrix in behalf of the estate which she represents. (*Thaxter* v. *Finn,* 178 Cal. 270, 273, 274, 281, [173 Pac. 163, 165, 168].) In other words, letters of administration when not revoked or suspended by a direct attack upon the order appointing the administratrix are sufficient proof of her right to represent the estate in a civil action, unless the record affirmatively shows no jurisdiction to make the appointment.

For these reasons the judgment is reversed.

Langdon, P. J., and Brittain, J., concurred.