[Civ. No. 10422. First Appellate District, Division One.—May 10, 1937.]

In the Matter of the Estate of JOHN MARTIN JOHNSON, Deceased. EVARISTA F. TYLER, as Administratrix, etc., Appellant, v. PHIL C. KATZ, as Administrator, etc., Respondent.

David Cosgrove and William P. Hubbard for Appellant.

Henry F. Boyen and Frank J. Fontes for Respondent.

TYLER, P. J.—Appeal from an order setting aside the appointment of an administratrix and revoking her letters of administration, and also from an order appointing the public administrator of San Francisco as administrator in her place and stead. The facts are undisputed and show that one John Martin Johnson died intestate in the city and county of San Francisco and left an estate therein and a surviving widow, Katherine A. Johnson. Deceased left no other heirs or rela-

tives in California. On December 9, 1935, the surviving widow filed her petition for the administration of the estate wherein she prayed that letters of administration be issued to her or to some competent person she might nominate. The clerk fixed December 23, 1935, as the time for hearing and duly posted notices as required by statute. By inadvertence no notices were mailed to the heirs named in the petition. At the time fixed for hearing an attorney for all nonresident heirs appeared and objected to the hearing at that time on account of the absence of proof of mailing of notices to the heirs, whereupon the matter was continued until January 3, 1936, without objection by anyone. On December 23, 1935, notices of the hearing were mailed to all the heirs. On January 3, 1936, at the time set for the hearing, the surviving widow appeared through her attorney who filed nomination and request by the surviving widow for the appointment of her daughter, Evarista Faxon Tyler, as administratrix in her place and stead. The attorney who appeared for all the heirs except the surviving widow then and there filed written request for notices of all proceedings to be given to him as their attorney. Proof was made of the continuance and of all matters set forth in the petition for administration and the nomination by the widow of her daughter, appellant herein. No objection to the nomination was made by the attorney representing the other heirs nor from anyone else and the court appointed the daughter as administratrix. Thereupon she duly executed the bond as·required by the order of appointment and in every respect duly qualified as such administratrix and she caused notice to creditors to be published. On February 1, 1936, Phil C. Katz, as public administrator filed notice of motion to set aside the order appointing appellant as administratrix, and on the same day filed a petition for letters of administration to himself. On March 31, 1936, the court granted the petition to set aside the appointment of the daughter as administratrix and revoked her letters, and on the same day appointed the public administrator as general administrator. Both of these orders are the subject of this appeal.

The petition by the public administrator to set aside the order appointing appellant as administratrix, and revoking her letters, set forth as grounds for the petition that the court was without jurisdiction to appoint the daughter

and that the appointment was made through inadvertence and mistake as Evarista Faxon Tyler, the daughter, had not filed any petition for letters, and that no notice of any application was ever given, for which reasons the order of appointment was wholly null and void. This contention was based upon two grounds: 1. That the petition for her appointment should have been signed by the daughter as the nominee of the surviving widow rather than by the widow herself; 2. that the notice required by section 441 of the Probate Code to be mailed to the heirs named in the petition had not been mailed ten days before December 23, 1935, the time the petition was originally set for hearing, and because no proof of such mailing was on file the court did not have jurisdiction to continue the hearing until January 3, 1936, even though at such time, when the hearing was actually had and the appointment made, affidavit of mailing ten days before January 3, 1936, was on file and before the court. The grounds urged did not justify the setting aside of the original order. The petition for the appointment of the administratrix was signed by the surviving widow and by her attorney. The prayer of the petition was ''upon said hearing and the proofs to be adduced, letters of administration of said estate may be issued to your petitioner, or to some competent person to be nominated by your petitioner''. Upon the hearing of the petition for letters the nomination and request by the surviving widow, as petitioner, for the appointment of her daughter was filed in open court, and based upon this nomination the appointment was made. Section 422 of the Probate Code gives preference to the surviving spouse, or some competent person whom he or she may request to have appointed. It has been held that if one who is entitled to letters of administration files a petition asking that letters be granted to another, the petitioner is the applicant within the meaning of the statute. If, on the other hand, the nominee is the applicant then the petition may be treated as having been filed on behalf of such applicant and the signature of counsel meets the requirements of the statute. If the nominee's signature be considered a jurisdictional fact it is supplied by her consent to act, and the letters are not void. (*Jerauld* v. *Chambers*, 44 Cal. App. 771 [187 Pac. 33]; 11A Cal. Jur., p. 341, sec. 236.) The petition of the widow was, therefore, sufficient as it contained all the jurisdictional facts necessary to be set

forth under the statute. There is no statutory requirement that the nominee sign the application. The court was therefore not acting beyond its jurisdiction in appointing the daughter administratrix. (*Wilkie* v. *Bailey,* 74 Wash. 241 [133 Pac. 388].) ■ Equally without merit is the claim that the court was without jurisdiction to continue the hearing for the purpose of having notice given to the heirs as required by section 441 of the Probate Code. The attorney representing all the heirs except the widow was present at the subsequent hearing and made no objection to the appointment. A court has power upon the hearing of an application to admit a will to probate to continue the matter, where proof of the mailing is insufficient, until proper proof be produced. (*Murray* v. *Superior Court,* 207 Cal. 381, 385 [278 Pac. 1033].) ■ Nor can the order setting aside the previous order appointing appellant be justified, as claimed, under the guise that it was inadvertently made. The identical evidence and record were before the court when it made the order appointing appellant as they were when it made the subsequent order setting aside the former order. Moreover, no appeal was taken from the order appointing appellant.

■ Respondent makes the further claim that the vacating order is not appealable. Section 1240 of the Probate Code plainly states that an appeal may be taken from an order granting or revoking letters testamentary or of administration, and this appeal is controlled by the section.

We conclude, therefore, that the two orders appealed from should be reversed. This conclusion renders unnecessary a consideration of other questions presented. For the reasons given, the orders are reversed.

Knight, J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1937.