[Civ. No. 13982. First Dist., Div. Two. Jan. 5, 1949.]

SHELLEY R. COTHRAN, Appellant, v. SAN JOSE WATER WORKS (a Public Utility Corporation) et al., Respondents.

Shelley R. Cothran in pro. per. for Appellant.

Campbell, Hayes & Custer, McCutchen, Thomas, Matthew, Griffiths & Green, and Leib & Leib for Respondents.

THE COURT.—The respondents move for a dismissal of the appeal on the ground that the order from which the appeal is taken is not an appealable order under the provisions of section 963 of the Code of Civil Procedure.

In an action pending in the Superior Court in Santa Clara County the appellant moved under section 170 of the Code of Civil Procedure to disqualify one of the judges of

the local court. Disqualification was admitted and by order of the Judicial Council Judge Raymond McIntosh of Sierra County was assigned to sit in his stead. This appellant also claimed disqualification of Judge McIntosh which the latter denied, and by order of the Judicial Council Judge Ben R. Ragain of Colusa County was assigned to hear and determine the question of the claim of the disqualification of Judge McIntosh. A similar claim of disqualification as to Judge Ragain was filed and overruled by him. It is from this order that this appeal is taken.

The order is not one mentioned in section 963 of the Code of Civil Procedure and is therefore not appealable. Some confusion arises from former decisions holding that prohibition will lie to prevent a judge proceeding under a charge of disqualification "even where the aggrieved party had a remedy by appeal." *Briggs* v. *Superior Court,* 215 Cal. 336, 341 [10 P.2d 53]; *Hall* v. *Superior Court,* 198 Cal. 373, 387 [245 P. 814]; *Quatman* v. *Superior Court,* 64 Cal.App. 203, 209 [221 P. 666], and other cases which do not require citation. It should be noted that in all these cases the question of the right of appeal was not in issue and was referred to merely by way of argument, that is to say, the holdings were that the aggrieved party was entitled to a writ of prohibition on the ground that the trial judge had no jurisdiction to take any further proceedings, and it was said that other remedies such as appeal, certiorari, and habeas corpus should not limit the right of the Supreme Court to issue a writ of prohibition. However, in *Briggs* v. *Superior Court, supra,* at page 342, the Supreme Court said: "There is no independent appeal from Judge Warne's order holding Judge Collier to be qualified, and the correctness of that ruling cannot be tested on appeal from the judgment in the contempt proceedings, for the reason that there is no appeal from a judgment in a contempt proceeding." In *Chastain* v. *Superior Court,* 14 Cal.App.2d 97, 104 [57 P.2d 982], where the same question was involved, the court said that a writ of prohibition should issue "for the reason that such a proceeding is final and conclusive and an appeal therefrom does not lie."

The appeal herein is dismissed.

A petition for a rehearing was denied February 4, 1949. Dooling, J., did not participate therein.

Appellant's petition for a hearing by the Supreme Court was denied March 3, 1949.