[Civ. No. 6686.   Fourth Dist.   Mar. 27, 1961.]

ARTHUR JOSEPH McCAULEY, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent.

Harold A. Bailin for Petitioner.

Lowell E. Lathrop, District Attorney, for Respondent.

GRIFFIN, P. J.—The petitioner recites that he was charged with violation of Penal Code, sections 286 and 288a, on December 2, 1960; that he was arraigned and a preliminary hearing was scheduled for December 9, 1960; that on that date petitioner, through his appointed counsel, filed with Fred H. Jacobs, Justice of the Upland Judicial District, County of San Bernardino, a written document of disqualification* under Code of Civil Procedure, section 170.6. Notwithstanding the filing of this document, and over objections, the justice proceeded to hear the preliminary examination of petitioner and stated that the document was not sufficient to deprive him of jurisdiction. After taking evidence which admittedly substantiated the charges, petitioner was held to answer to the superior court. Thereafter, an information was accordingly filed on December 22, 1960. Defendant's counsel moved for a dismissal of the information under Penal Code, section 995, and the respondent court denied the motion, indicating that the declaration of prejudice was not sufficient because it did not indicate the *place of execution* as required by Code of Civil Procedure, section 2015.5. The original document was not before the trial court at the time of the hearing but a résumé of its contents was related.

In this proceeding to review that ruling, it is claimed by petitioner that on December 1 and December 2, 1960, and thereafter, he was in the city jail at Upland and then returned to the county jail in San Bernardino, and on December 9 he was taken to the city jail in Upland and remained there until after his preliminary examination, and that the district at-

---

*IN THE JUSTICE COURT OF THE UPLAND JUDICIAL DISTRICT COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,
          Plaintiff,
vs.                                             No._____
ARTHUR JOSEPH McCAULEY,                          AFFIDAVIT OF PREJUDICE
          Defendant.

STATE OF CALIFORNIA      } ss.
COUNTY OF SAN BERNARDINO  }

Arthur Joseph McCauley, being first duly sworn, deposes and says:

That he is the defendant in the within action, that FRED H. JACOBS, the Judge before whom the hearing in the above captioned action is pending, is prejudiced against the interest of the defendant so that affiant cannot or believes that he cannot have a fair and impartial preliminary examination before said Judge. I certify the foregoing to be true and correct under pain and penalty of perjury.

Dated: December 9, 1960.

                    (S)  Arthur Joseph McCauley

torney was fully aware of this fact. There is no denial of these allegations in respondent's answer and return to this writ.

Respondent concedes that the sole issue here presented is "whether or not a Motion for Disqualification of a magistrate under the provisions of Code of Civil Procedure Section 170.6 may be denied by the magistrate when the supporting declaration under penalty of perjury, as provided for in Code of Civil Procedure Section 2015.5, fails to state or in any manner otherwise indicate the place of execution of said certification." It claims that the test of a valid affidavit or declaration is whether it is drawn so that perjury could be charged if any material allegation therein is false. (Citing *People* v. *Thompson*, 5 Cal.App.2d 655 [43 P.2d 600]; *Gee Chong Pong* v. *Harris*, 38 Cal.App. 214 [175 P. 806]; *Hoffman* v. *City of Palm Springs*, 169 Cal.App.2d 645, 648 [337 P.2d 521].) In this connection, it is argued that the place of execution of the instrument must be stated; otherwise, it could not be ascertained from it that the offense of perjury occurred in any particular jurisdiction. Some argument is also set forth indicating that there was substantial evidence of defendant's guilt produced at the preliminary hearing; that since the prosecution moved the court to hold the petitioner to answer and petitioner's attorney remarked that it appeared to him the motion should be granted and that the witness should also be held to answer on the same charge, there was a waiver of any claim of prejudice against the justice.

The right conferred by Code of Civil Procedure, section 170.6, is a substantial right which is now part of the system of due process and judicial fair play in this state. The constitutionality of that section and the validity of the standard therein imposed was upheld in *Johnson* v. *Superior Court*, 50 Cal.2d 693 [329 P.2d 5].

It will be noted that the instrument itself recites as a caption: "In the Justice Court of the Upland Judicial District County of San Bernardino, State of California." The declaration is dated and signed in accordance with the provisions of Code of Civil Procedure, section 2015.5. Code of Civil Procedure, section 170.6, provides that any affidavit filed pursuant to this section shall be "in *substantially* the following form." (Emphasis added.) Then follows the form recommended which indicates that it may be sworn to by a notary public or other officer without requiring that such notary public or other officer must designate the place of

execution of the instrument other than by the customary statement of venue, i.e., State of California, County of (blank). The declaration in the instant case did state that it was executed in the "State of California, County of San Bernardino" and this statement is prima facie evidence of the place where the declaration was made. (2 Cal.Jur.2d 625; 2 C.J.S. 944-945; *Reavis* v. *Cowell,* 56 Cal. 588.)

While neither party has cited any authority directly in point, we are convinced that there was sufficient compliance with the statute in this respect, and since the judge was in fact disqualified to hear the preliminary examination his action thereon was void. (*People* v. *Elliot,* 54 Cal.2d 498 [6 Cal.Rptr. 753, 354 P.2d 225].) The fact that the evidence was substantial would not confer on the justice authority to hear the preliminary examination and hold the defendant to answer, on the theory that the evidence was such that any other justice hearing it would have done the same thing. (*People v. Prizant,* 186 Cal.App.2d 542, 545 [9 Cal.Rptr. 282].)

The writ of prohibition will issue as prayed for in the petition.

Shepard, J., and Coughlin, J., concurred.