56 Cal.2d 248 (1961)
363 P.2d 875
14 Cal. Rptr. 643
Estate of MURRAY SCHLOSS, Deceased.
WALTER GOULD LINCOLN, Individually and as Trustee, etc., et al., Petitioners and Appellants,
v.
FRED S. REINHOLD et al., as Trustees, etc., Objectors and Respondents.
Docket No. L.A. 26042.
Supreme Court of California. In Bank.
July 20, 1961.
*250 Walter Gould Lincoln, in pro. per., and David R. Cadwell for Petitioners and Appellants.
Stanley Mosk, Attorney General, Carl Boronkay and Edmond B. Mamer, Deputy Attorneys General, as Amici Curiae on behalf of Petitioners and Appellants.
Rosalind Goodrich Bates for Objectors and Respondents.
*251 DOOLING, J.
Murray Schloss died June 28, 1927. His will was probated in Riverside County. By the decree of distribution entered May 4, 1931, and incorporating the terms of the will, testator's property was given to ten named individuals, "their survivors and successors, in Trust and as Trustee of the MURRAY SCHLOSS FOUNDATION for HOTHAN PIONEERING" to be "held and administered, as a perpetual charitable fund in trust" and the "income" to be paid to "such charitable use connected with [the] `HEART-O-THE-HILLS,' as may in their judgment, be most worthy and [have a] tendency to promote or improve the all-sided progress of mankind, particularly among those people who are in accord with the teachings of the TEMPLE or CHURCH OF THE DAWN."
Fred S. Reinhold, Otto Witchner, and Walter Gould Lincoln were among the original ten trustees. Following distribution of the trust estate, the trustees held meetings, by-laws were adopted, and Lincoln was designated the attorney for the trust. M.W. Beale (who later proved to be Lincoln's wife) was appointed a trustee when a vacancy subsequently occurred. The issues now before this court arose out of the following sequence of events:
On September 1, 1959, M.W. Beale as trustee petitioned the Superior Court of Riverside County sitting in probate for appointment of M.M. Henderson and Ray Peters as trustees to fill two vacancies in the trusteeship. On September 15, Rosalind G. Bates as attorney for trustees Reinhold and Witchner filed objections to the Beale petition. On September 24, Lincoln, as a trustee and attorney for the trust, filed a motion to strike portions of Reinhold's objections and also demurred. On September 29 attorney Bates, acting on behalf of trustees Reinhold and Witchner, petitioned for appointment of Eleanor Hall and Benjamin F. Soffee as trustees to fill the two existing vacancies in the trusteeship.
On October 1, 1959, Witchner filed a statement repudiating his appearance as a coparty with Reinhold on the objections filed to the Beale petition and negating any authority on the part of Rosalind G. Bates to act as his attorney in that regard. On November 23 Lincoln, on behalf of seven of the eight remaining trustees (being himself, his two sons, his wife M.W. Beale, Witchner, Leah P. Lovell and Robert DeLuce, the president) filed an answer to the Reinhold petition for appointment of two trustees. On November 27 Reinhold petitioned for removal of Lincoln and Beale as trustees, alleging their conspiracy to absolutely control the trust property and *252 setting forth various instances of their allowance of the property to deteriorate. Citations were served on Lincoln and Beale on November 30 and December 3, respectively, at Solano Beach, San Diego County, citing them to appear at the Riverside Superior Court on December 10, 1959, to show cause "why they should not be removed as trustees."
On December 9 Lincoln and Beale filed a motion for change of venue to San Diego County and a general demurrer to the petition for their removal as trustees. Their motion and demurrer were set for hearing on December 18. Neither Lincoln nor Beale appeared on December 10 in response to the order to show cause and the court continued the matter to December 18. On the latter date a further continuance was made to December 23.
On December 23 neither Lincoln nor any of the trustees represented by him appeared. The court denied the motion for change of venue and Beale's petition for appointment of trustees, and overruled the demurrer of Lincoln and Beale to Reinhold's petition for their removal. Evidence was then received and the court ordered their removal as trustees. The court then appointed Hall and Soffee trustees in place of the two deceased trustees as requested by Reinhold and Witchner.
On December 31, 1959, attorney Bates on behalf of trustees Reinhold, Witchner, Hall and Soffee filed a petition for appointment of Vocha Fiske White and Hugo Seelig to fill the vacancies created by the removal of trustees Lincoln and Beale. The petition was noticed for hearing on January 12, 1960, and then continued to January 22. On January 11 Lincoln filed a response entitled "Objection of Majority Trustees to the Appointment of Vocha Fiske White and Hugo Seelig, as Trustees." This latter document alleged, among other things, that the court's previous appointment of Hall and Soffee was not within its jurisdiction, and that the court also was without jurisdiction to remove Lincoln and Beale as trustees, and its order for their removal was therefore void. At the same time Lincoln and Beale filed a motion to set aside the "actions taken  orders or decrees" (of December 23 above stated). This motion was denied on January 22, when the petition for appointment of White and Seelig as trustees came on for hearing. Neither Lincoln nor the trustees he represented were present. White and Seelig were appointed trustees.
Lincoln and Beale have appealed from the orders made on December 23, 1959  denying their motion for change of venue, *253 denying Beale's petition for appointment of Henderson and Peters as trustees, overruling their demurrer to the petition for their removal as trustees, granting the petition for their removal and removing them as trustees, and granting the petition for appointment of Hall and Soffee as trustees and appointing them as trustees. They also have appealed from the order re removal of them as trustees signed and filed December 29, 1959, and from the orders made January 22, 1960, denying their petition to set aside the "Orders, or Decrees, or `Actions Taken'" in the probate proceedings on December 23, 1959, and granting the petition for and appointing White and Seelig as trustees.
The principal issue in dispute between the parties concerns the question whether the superior court in a probate proceeding has been given jurisdiction to remove a trustee of a testamentary trust after distribution of the estate. [1] While probate jurisdiction is exercised by the superior court and there is no probate court, as such, in California, probate "proceedings being statutory in their nature, the court has no other powers than those given by statute and such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it, and can only determine those questions or matters arising in the estate which it is authorized to do. Thus, in the exercise of the powers conferred upon it, its jurisdiction is limited and special, or limited and statutory." (McPike v. Superior Court, 220 Cal. 254, 258 [30 P.2d 17]; see also Bales v. Superior Court, 21 Cal.2d 17, 24 [129 P.2d 685]; Estate of Strong, 119 Cal. 663, 666-667 [51 P. 1078].)
[2] The superior court sitting in probate is given a continuing jurisdiction after distribution, for certain expressly enumerated purposes, over trusts created by wills. (Prob. Code, §§ 1120-1130. §§ 1132-1136 deal with the transfer of assets to a domiciliary trustee of a nonresident decedent and are here inapplicable.) Section 1120 reads in part: "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, of settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth."
*254 [3] If the court sitting in probate has the power to remove a trustee of a testamentary trust after distribution, that power must be found in "the other purposes hereinafter set forth," i.e., in the succeeding provisions of the Probate Code setting out the powers of the court over such trust and the trustees thereof. The following powers, and no others, are provided for in these sections of the Probate Code: 1. the settlement of trustees' accounts and instructing the trustees as to the administration of the trust upon their petition (§ 1120); 2. compelling a trustee to render an account (§ 1121); 3. the allowance of expenses and compensation to trustees (§ 1122); 4. accepting the resignation of trustees (§ 1125.1); 5. filling vacancies in the trusteeship by the appointment of a new trustee (§ 1126); 6. providing for trustee's bond (§ 1127). There is nowhere in any of these sections an express grant of power to remove a trustee. [4] Section 1126 contains the only reference to a trustee's removal, and that only in enumerating the conditions under which the court is given the power to appoint a new trustee. That section, so far as relevant, reads: "If after distribution a trustee of a testamentary trust dies, resigns, fails or declines to act, cannot be identified, or is for any reason incapable of acting, or is removed or a vacancy in the trusteeship is otherwise created or exists, the court which has jurisdiction over the trust shall have the power to declare a vacancy and appoint a trustee to fill the vacancy...." (Emphasis added.)
It is clear from the emphasized language that the words "or is removed" are not intended as a grant of power to the court in probate to remove a trustee, but only state one of a great many enumerated situations, any one of which will give the court in probate if any such condition is shown to exist, the "power to declare a vacancy and appoint a trustee to fill the vacancy." [5] The power to remove a trustee of such a trust if it exists in the court in probate must be implied, to requote the language of McPike v. Superior Court, supra, 220 Cal. at page 258, as one of "such incidental powers as pertain to it and enable the court to exercise the jurisdiction conferred upon it." [6] The power to remove a trustee is not however necessary to enable the court in probate to exercise any of the powers expressly conferred upon it in the supervision of testamentary trusts after distribution. The power generally to remove trustees is conferred upon the superior court in the exercise of its general equity jurisdiction by Civil Code, section 2283, and the power given the court in *255 probate "to declare a vacancy and appoint a trustee to fill the vacancy" may be completely exercised after the removal of the trustee by the court in the exercise of its general equity powers under this section of the Civil Code.
[7] Several factors combine to support the view that the Legislature has not given the court in probate the power to remove the trustees of a testamentary trust after distribution: 1. Section 1120 carefully limits such powers to (a) "determining to whom the property shall pass ... upon ... termination of the trust"; (b) "settling the accounts and passing upon the acts of the trustee"; and (c) "for the other purposes hereinafter set forth." As we have seen, the removal of a trustee is not included among the "purposes hereinafter set forth." 2. In section 1125.1 the Legislature has carefully spelled out a procedure for the tendering and acceptance of the resignation of a testamentary trustee but it has made no comparable provision for the removal of the trustee of a testamentary trust. 3. Most significantly Probate Code, section 1240, has provided for an appeal from an order "settling an account of ... [a] trustee, or instructing or appointing a trustee," but makes no provision for an appeal from an order removing a trustee. In the comparable case of executors and administrators the same code section provides expressly for an appeal from an order "revoking letters testamentary or of administration," which has been construed to include an order removing an executor or administrator. (Bauer v. Willis, 195 Cal. 375 [233 P. 342]; Estate of Johnson, 20 Cal. App.2d 735 [67 P.2d 1079].) It seems highly improbable that if the Legislature had intended to give the court sitting in probate jurisdiction to remove a trustee it would not have provided for an appeal from such order, when it has provided for appeal from an order appointing a trustee and from all other orders which the court in probate is authorized to make in the exercise of its jurisdiction over testamentary trusts.[1]
That the court's power in probate over testamentary trusts is strictly limited to the powers granted was the express ground of the holdings in Estate of Hubbell, 121 Cal. App. 38, 41 et seq. [8 P.2d 530], that the probate court has no power to terminate a trust (that power not having been expressly *256 given it by then Code of Civil Procedure, § 1699, from which Probate Code, §§ 1120 et seq. were derived); and in Estate of McLellan, 8 Cal.2d 49, 55-56 [63 P.2d 1120], where this court held that the power granted by Probate Code, section 1120, to settle the trustees' account did not authorize the court sitting in probate to enter a personal judgment against trustees.
While Judge Condee in his work on California Probate Practice, volume 2, section 1108, page 88, suggests that the power of removal of a testamentary trustee would now be exercised by the court sitting in probate, he gave no attention to the limited character of probate jurisdiction as settled by the cases herein cited. In two cases where the court sitting in probate had refused to remove testamentary trustees, district courts of appeal have assumed, without discussion, that the court had that power and have affirmed the orders denying removal on the ground that the orders were supported by the evidence. (Estate of Keyston, 102 Cal. App.2d 223 [227 P.2d 17]; Estate of Baird, 135 Cal. App.2d 343 [287 P.2d 372].) In neither of these cases was the question of jurisdiction raised or discussed, and insofar as they assume that the court sitting in probate has the power to remove a testamentary trustee after distribution, those cases are disapproved.
The attorney general has filed an amicus curiae brief urging that the attorney general is a necessary party to proceedings to appoint or remove a trustee of a charitable trust, as he is the representative of the public for whose benefit the trust was created, and he should be served with notice of the proceedings. (Scott on Trusts, 2d ed., § 364, p. 2614; § 391, p. 2757.)
[8] "A charitable trust or a charity is a donation in trust for promoting the welfare of mankind at large, or of a community, or of some class forming a part of it, indefinite as to numbers and individuals." (People v. Cogswell, 113 Cal. 129, 138 [45 P. 270, 35 L.R.A. 269].) [9] Here the residue of the Schloss estate was left to named trustees to "be ... held and administered, as a perpetual charitable fund in trust ... [and to] pay out [the] income ... to such charitable use connected with said `HEART-O-THE-HILLS,' as may in their judgment, be worthy and [have a] tendency to promote or improve the all-sided progress of mankind, particularly among those people who are in accord with the teachings of the TEMPLE or CHURCH OF THE DAWN." This is a charitable *257 trust. (Estate of Hinckley, 58 Cal. 457, 507; Estate of Peck, 168 Cal. App.2d 25, 27 [334 P.2d 185].)
[10] In a charitable testamentary trust the beneficiaries, of course, cannot be given the notice required by Probate Code, sections 1125 and 1126, because they are necessarily unascertainable. However, "[t]he community has an interest in the enforcement of such trusts and the Attorney General represents the community in seeing that the trusts are properly performed." (Scott on Trusts, 2d ed., § 391, p. 2753; see Brown v. Memorial Nat. Home Foundation, 162 Cal. App.2d 513, 536 [329 P.2d 118, 75 A.L.R.2d 427].) [11] In Pratt v. Security Trust & Savings Bank, 15 Cal. App.2d 630 [59 P.2d 862], the court quotes from Stearns v. Newport Hospital, 27 R.I. 309, 315, 316 [62 A. 132, 8 Ann.Cas. 1176] at page 640: "The trust is a public one, and the attorney-general is the proper person to represent the public in any judicial inquiry into the conduct of the trustees in administering it.... `This duty of maintaining the rights of the public is vested in the Commonwealth, and it is exercised here, as in England, by the attorney general.'" Since here the court was inquiring into the conduct of the trustees by reason of charges of malfeasance or mismanagement, the language in the Pratt case appears applicable. [12] Moreover, in People v. Cogswell, supra, 113 Cal. 129 [45 P. 270, 35 L.R.A. 269], the court in rejecting the contention that the state was not a party in interest in an action for relief from abuses in the management of a public trust, stated at page 136: "The state, as parens patriae, superintends the management of all public charities or trusts, and, in these matters, acts through her attorney general. Generally speaking, such an action will not be entertained at all unless the attorney general is a party to it. Such was the rule at common law, and it has not been changed in this state." (See Brown v. Memorial Nat. Home Foundation, supra, 162 Cal. App.2d 513, 535-538.)
[13] We are satisfied that in the administration of charitable trusts the attorney general must be given notice of all proceedings wherein the statute requires notice to be given to the beneficiaries of the trust.
The order denying the motion for change of venue becomes unimportant in view of our conclusion that the court sitting in probate had no jurisdiction to act upon the petition for the removal of trustees. [14] The order removing the trustees was a void order but the Legislature has provided for no appeal therefrom. Since however the appointment of the *258 successor trustees White and Seelig was to fill vacancies alleged to have been created by the order of removal, in reviewing the order appointing White and Seelig we are justified in determining that the order removing Lincoln and Beale was void, because the order appointing White and Seelig was erroneous if no vacancies existed to be filled.
The appeals from the orders denying a change of venue, overruling the demurrer, removing Lincoln and Beale as trustees and denying the petition to set aside the orders of December 23, 1959, are dismissed.[2] The other orders appealed from are reversed.
Gibson, C.J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.
NOTES
[1] Section 1240 provides inter alia: "An appeal may be taken ... from an order ... settling an account of an executor or administrator or trustee, or instructing or appointing a trustee ... determining heirships or the persons to whom distribution should be made or trust property should pass...." (Emphasis added.)
[2] None of these orders is made appealable by Probate Code, section 1240.