[Civ. No. 174.   Fifth Dist.   Mar. 22, 1963.]

Estate of STEPHEN CUNEO, Deceased. MINNIE CUNEO, Individually and as Coexecutrix, etc., Petitioner and Appellant, v. CHARLES C. HEIN, as Coexecutor, etc., Claimant and Respondent.

Griswold & Barrett and George C. Barrett for Petitioner and Appellant.

Harold D. Sandell for Claimant and Respondent.

BROWN (R.M.) J.—This appeal originated in interparty proceedings in a probate matter. Minnie Cuneo, appellant, and Charles C. Hein, respondent, are coexecutors of the estate of Stephen Cuneo, deceased. Minnie Cuneo is also an heir and a devisee and legatee under the will of decedent. Appellant petitioned to remove respondent as an executor, for an order setting aside a prior judicial allowance of a claim in favor of respondent for the sum of $12,500 claimed to be due for services rendered by respondent to Cuneo Bros., a partnership in which decedent owned a one-half interest, which claim had been approved by respondent alone, as one of the executors, and allowed by the Honorable Gregory P. Maushart, and moved pursuant to section 170.6 of the Code of Civil Procedure for disqualification of Judge Maushart. These motions and petitions were heard on the same date. Appellant appeared as an heir, devisee and legatee and in her individual capacity as a coexecutor and was represented by personal counsel rather than the attorney of record for the coexecutors. She appeals from adverse rulings. Respondent challenges the appealability of the various rulings.

An appeal does not lie from findings of fact or conclusions of law. (*Estate of Nielson,* 204 Cal.App.2d 357 [22 Cal.Rptr. 260].) An order merely allowing or rejecting a claim in whole or in part is not appealable (*Estate of Cole,* 106 Cal.App.2d 823 [236 P.2d 206]; 3 Witkin, California Procedure, Appeal, § 27, p. 2173). It follows that an order merely denying a petition to set aside a prior approval or allowance of a claim is likewise nonappealable. An order denying a petition to remove an executor is appealable on the rationale that it is, in effect, an order refusing to revoke letters which section 1240 of the Probate Code specifies as an appealable order (*Bauer* v. *Willis,* 195 Cal. 375 [233 P. 342]; *Estate of Schloss,* 56 Cal.2d 248

[14 Cal.Rptr. 643, 363 P.2d 875]; *Estate of Exterstein,* 2 Cal.2d 13, 16 [38 P.2d 151]; *Estate of Johnson,* 20 Cal. App.2d 735, 739 [67 P.2d 1079]). ██ An order denying a motion to disqualify a judge is not directly appealable (*Keating* v. *Superior Court,* 45 Cal.2d 440, 443 [289 P.2d 209]; *Thompson* v. *Superior Court,* 206 Cal.App.2d 702 [23 Cal.Rptr. 841]; *Cothran* v. *San Jose Water Works,* 89 Cal.App.2d 518 [201 P.2d 85]; *Wilson* v. *Loustalot,* 85 Cal. App.2d 316 [193 P.2d 127]); but it may be reviewed on appeal from the judgment or other appealable order involved (*People* v. *Sweeney,* 55 Cal.2d 27 [9 Cal.Rptr. 793, 357 P.2d 1049]; *People* v. *Yeager,* 55 Cal.2d 374, 391 [10 Cal.Rptr. 829, 359 P.2d 261]; *Mayo* v. *Beber,* 173 Cal.App.2d 596 [343 P.2d 765]). ██ Had the hearing judge been content to merely grant or deny the motion to set aside the prior allowance of the claim, this portion of the appeal would not be properly before us. But he saw fit to enter an absolute judgment in favor of respondent in the amount of $12,500, which might operate to bar the right conferred by Probate Code section 713 upon any person in interest to contest payment of the claim at the time of settlement of the accounting. Therefore, we interpret the judgment as an appealable order directing payment of the claim (*Estate of Cole, supra,* 106 Cal.App.2d 823; *Miller* v. *California Trust Co.,* 15 Cal.App.2d 612, 616 [59 P.2d 1035]).

██ Turning to the merits, the law is clear that when a party properly makes a motion under section 170.6 of the Code of Civil Procedure and the judge against whom it is directed fails to disqualify himself from hearing the matter before him, his action thereon is void. (*Briggs* v. *Superior Court,* 215 Cal. 336, 342 [10 P.2d 1003]; *McCauley* v. *Superior Court,* 190 Cal.App.2d 562 [12 Cal.Rptr. 119].) If, then, Judge Maushart should have disqualified himself as a matter of law, his subsequent orders and the judgment are null and void. We have concluded that the court erred in refusing the claim of disqualification.

Section 170.6 of the Code of Civil Procedure provides for a peremptory challenge of a judge by the filing of an affidavit that he is prejudiced against a party or attorney so that the party or attorney cannot, or believes that he cannot, have a fair or impartial trial or hearing. It further provides that if such motion is duly presented and affidavit filed, "thereupon and without any further act or proof" the matter shall be assigned to another judge. The right to

assert a claim of disqualification is limited to a trial or hearing "which involves a contested issue of law or fact."

Respondent's main reliance is placed upon *Jacobs* v. *Superior Court,* 53 Cal.2d 187 [347 P.2d 9], also relied upon by Judge Maushart. In that case the refusal to disqualify a judge from hearing modification of child custody proceedings was upheld on the basis that the matter was a continuation of the prior custody order granted by the same judge. The claim of disqualification came too late. He also cites *Dennis* v. *Overholtzer,* 179 Cal.App.2d 110 [3 Cal. Rptr. 458], which stands for the same principle enunciated in *Jacobs,* and *Mackie* v. *Mackie,* 186 Cal.App.2d 825 [9 Cal. Rptr. 173]. In the *Mackie* case the question of disqualification was considered and determined by the appellate court in the light of pleading and procedural problems peculiar to that case. It is neither persuasive nor controlling here.

In an attempt to bring our case within the ambit of the *Jacobs* rule, respondent argues that the matters here involved were mere continuations of prior hearings held and orders made in the probate proceedings by the same judge and states that Judge Maushart had allowed Hein's claim, heard and granted at divers prior times petitions authorizing the coexecutors to continue the operation of the decedent's business; to execute leases; and authorizing conveyances. No contested issue of law or fact is involved in the ex parte allowance by a judge of a creditor's claim against an estate. The prior specified actions of Judge Maushart are not a part of the record before us. They were pointed out in detail by respondent in his brief, referred to in appellant's closing brief and formed the basis of argument on both sides at oral argument before this court. While they refer to matters technically outside the record, the statements made by respondent are reliable indications of his position on the facts and the law and we are therefore disposed to consider the argument. All of those hearings and orders involved matters which were noncontested, nonadversary and in connection with which appellant and respondent were before Judge Maushart in their representative capacities as coexecutors acting in concert in behalf of the estate without any conflict in interest.

We believe the case of *Thompson* v. *Superior Court, supra,* 206 Cal.App.2d 702, is controlling. That case deals with modification of a child custody order. Judge Pfaff, against whom the claim of disqualification had been

asserted and refused, had participated in prior preliminary matters and had entered orders therein. On appeal the same argument was advanced as is here made by respondent and that argument was rejected by the appellate court. At pages 707-708 the court said:

"We think that the theory of the *Jacobs* case is pertinent in this respect: If any of the proceedings over which Judge Pfaff presided in this case prior to the hearing on March 19 was such that the judge could have been challenged for prejudice, and this was not done, an affidavit of prejudice pursuant to section 170.6 on March 19 came too late. In other words, no such affidavit may be filed in any case after any contested matter in relation to such litigation has been submitted for decision to any judge sought to be disqualified. Conversely, an affidavit of prejudice is timely in this respect if filed and application for disqualification is made before the judge in question has made any ruling on any litigated or contested matter in the case. [Citations.]

"It is clear from a reading of section 170.6 that it is applicable only to the *trial* of a cause or the *hearing* of a matter. The provision that a judge shall be disqualified to 'hear any matter' in a civil or criminal action or special proceeding contemplates a hearing other than the trial of a cause. The statute is not limited in its prohibition to a hearing after the cause is at issue, or in any other manner as to time with relation to the trial of the main cause. Obviously the hearing must be one arising within the pending case but, otherwise, the only qualification is that it must involve a *contested issue of law or fact.*"

In our case appellant, appearing as an heir, devisee and legatee and in her individual capacity as an executrix made her motion and filed her affidavit of prejudice the first time she appeared before Judge Maushart on a matter involving *a contested issue of law or fact,* and her affidavit of prejudice was therefore filed timely. The rulings made by Judge Maushart thereafter are nullities.

Attempted appeals from orders and findings of fact and conclusions of law dismissed. Judgment reversed.

Conley, P. J., and Stone, J., concurred.