[Civ. No. 1091.   Second Appellate District.—May 31, 1912.]

BANK OF VENICE, a Corporation, Respondent, v. SUSAN N. DE LUNA HUTCHINSON (Sued Herein as SUSAN N. DE LUNA), Appellant.

SUMMONS—PUBLICATION—OBVIOUS MISTAKE OF NOTARY AS TO DATE OF JURAT TO AFFIDAVIT—RECITALS—AFFIDAVIT AND ORDER NOT VITIATED.—An order for the publication of summons, based upon affidavit, the jurat to which is dated one month prior to the order, is not void where the recitals of the affidavit show the return of the original summons, at a date one month later than the date of the jurat; that an order for an alias summons was issued; that the same could not be served upon the defendant against whom the publication is asked, and sets forth facts sufficient to justify the order for publication of summons, which recited that the affidavit

was presented when the order was made. It is clear that the date appearing in the jurat was obviously a mistake, which did not vitiate either the affidavit or the order.

Id.—CODE REQUIREMENT AS TO JURAT—OBJECT AND PURPOSE OF SIGNATURE OF OFFICER.—Section 412 of the Code of Civil Procedure does not provide in terms that the date of the affidavit should be disclosed therein, but indicates clearly that it must be presented and verified at the time of the application for the order. The primary object and purpose of the signature of the officer to the jurat is to witness the signature of the affiant to the affidavit.

Id.—ATTACHMENT SOUGHT AGAINST WIFE'S SEPARATE ESTATE—PUBLICATION OF SUMMONS AGAINST HUSBAND.—Although an attachment is sought against the wife's separate estate, jurisdiction of the husband as a codefendant may be obtained by publication of summons against him where he cannot be personally served therewith.

Id.—CONSTRUCTION OF CODE AS TO ALIAS SUMMONS—MODE OF SERVICE NOT REFERRED TO.—Section 408 of the Code of Civil Procedure, as to the time when an alias summons may be issued, has no reference to the mode of service thereof, where parties are brought in by order of the court, or by stipulation of the parties, under section 389 of the Code of Civil Procedure, and does not preclude service by publication.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. P. James, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

Tanner, Taft & Odell, for Respondent.

ALLEN, P. J.—The action was against defendant and appellant as guarantor of a promissory note, and was originally brought against Susan N. de Luna, under which name and style she executed the contract of guaranty. The complaint was filed August 1, 1908. Defendant and appellant appeared thereto and subsequently, on December 14, 1908, filed her answer, setting forth, among other things, that she was a married woman; that her husband's name was W. C. Hutchinson, and that her husband was absent from his home temporarily, but that the parties were not living separate and apart. Thereupon plaintiff asked for and obtained leave of court to

amend its complaint, alleging the marriage, the husband's name, and asking that he be made a party to said proceeding. This was pursuant to a stipulation, which further agreed that the answer theretofore filed might stand as an answer to the amended complaint. This amendment to the complaint and the stipulation were filed on June 3, 1909. The court by its order made October 13, 1909, directed the issuance of an alias summons. The original summons was returned and filed November 12, 1909. Thereafter an affidavit for publication of summons was filed, which set forth the time of the filing of the complaint; that the original summons had been returned on the twelfth day of November, 1909; the issuance of an order for the alias summons; that the same could not be served upon W. C. Hutchinson; and generally setting forth facts sufficient to authorize the issuance of an order for publication of summons. The jurat attached to the affidavit bears date of October 11, 1909. Due publication and mailing is shown by the record, and the default of Hutchinson duly entered. Thereafter, judgment was entered in favor of plaintiff and against defendant and appellant and a new trial denied, from which judgment and order Susan N. de Luna appeals upon a bill of exceptions.

Appellant's chief contention is that the affidavit for publication of summons is shown to have been made a month before the order for publication was issued, and upon the authority of *Forbes* v. *Hyde,* 31 Cal. 351, could not be used as the basis for an order of publication. It will be conceded that the affidavit should be with reference to conditions existing at the time of the application for the order, but we are not prepared to say that, under the facts presented by the record in this case, it can be said that such rule has been violated. In the body of the affidavit for publication it recites occurrences of November 12, 1909. The date appearing in the jurat, we think, was obviously a mistake, and was inserted by the notary inadvertently and carelessly. Reading the affidavit, it is certain that it was sworn to and subscribed on or after the twelfth day of November, 1909. Otherwise it would not have been possible to have incorporated therein the occurrences of that date. Section 412 of the Code of Civil Procedure does not provide in terms that the date of the affidavit should be disclosed therein, but does indicate clearly that it

must be presented and verified at the time of the application. We are of opinion that had the jurat omitted any date, and nothing to the contrary appeared, it would be presumed that it was made at the time of its presentation. The order of publication so recites. The case of *Hibernia etc. Society* v. *Churchill,* 128 Cal. 633, [79 Am. St. Rep. 73, 61 Pac. 278], is an authority upon the proposition that, the statute not requiring the date of a summons to be made a part thereof, such summons is not void on account of an improper date being inserted therein; and *People* v. *McDaniels,* 141 Cal. 115, [74 Pac. 773], is to the effect that the primary object and purpose of the signature of the officer to the jurat is to witness the signature of the affiant to the affidavit.

We think there is no merit in appellant's suggestions, which she has not dignified by an argument, to the effect that jurisdiction of the husband where an attachment is sought against the wife's separate estate, cannot be obtained by publication. Section 408 of the Code of Civil Procedure, with reference to the time when an alias summons may be issued, we think, has no reference to the service of such summons where parties are brought in by order of court or by stipulation under the provisions of section 389 of the Code of Civil Procedure.

We perceive no error in the record, and the judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 29, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 29, 1912.