[Civ. No. 29951.   Second Dist., Div. Two.   Nov. 21, 1966.]

CHARLES HIRSCHMAN, Cross-complainant and Appellant, v. RICHARD G. SAXON, Cross-defendant and Respondent.

David S. Smith for Cross-complainant and Appellant.

DeForrest Home for Cross-defendant and Respondent.

HERNDON, J. — Cross-complainant Hirschman appeals from the summary judgment entered in favor of respondent Saxon on appellant's cross-complaint alleging medical malpractice. The sole question presented by this appeal is whether or not appellant's declaration in opposition to respondent's motion for summary judgment set up facts sufficient to present a triable issue as to the applicability of Code of Civil Procedure, section 340, subdivision 3, which establishes the one-year period within which actions of this type must be instituted. The declaration of respondent filed in support of his motion sets forth the following facts which are not disputed by appellant:

On January 29, 1962, appellant consulted respondent regarding an injury consisting of a fracture of his left ring finger. Respondent set the fracture and the finger was placed in a traction cast. X-rays revealed excellent alignment. However, against respondent's advice appellant went deep sea fishing shortly thereafter and used the hand and finger which was in a cast. When respondent saw appellant thereafter he noted that following the fishing episode there was a recurrence of the anterior angulation of the finger. Additional therapy was done and on March 5, 1962, it was noted that the finger had marked restriction of motion. The patient was advised to start heavy exercise and to return to the office in two weeks. Appellant never returned to the respondent's office at any time. On January 7, 1963, appellant wrote the following letter to respondent:

"I have just received a statement from you stating, 'unless invoice is paid within 15 days, account will be turned over to Western Creditors Exchange.'

"The only reason I have not paid you, as you are aware, is the fact that the results I have received in re to my broken finger, have not been very satisfactory.

"I feel that the bill is unjust due to the results of setting the finger. In fact, I was going to turn this whole matter over to my attorney, but I realize you want to be fair and just in this matter I am willing to settle this account for $70.00, which I feel is more than just, or I am willing to turn the file

over [to] the Medical Board for their evaluation on the case.

"I have tried to talk to you over the phone on this matter, but I have been turned over to your bookkeeper.

"Hoping this is satisfactory with you, I am,"

Thereafter appellant did refer the matter to the grievance committee of the Los Angeles County Medical Association and respondent replied to appellant's complaint to this body on April 12, 1963.

The record does not indicate what action, if any, was taken by the medical board but on May 15, 1964, a collection agency to whom respondent had assigned appellant's unpaid bill in the sum of $139 filed an action against him in the municipal court. Appellant filed his cross-complaint seeking $15,000 damages for malpractice and the matter was transferred to the superior court. Subsequently respondent's motion for summary judgment was granted and the present appeal is taken therefrom.

Appellant's affidavit in opposition to respondent's motion is so terse we may quote it in full:

"On several occasions, Cross-Defendant Doctor, RICHARD G. SAXON, orally stated to Declarant that if Declarant would do the things set forth in Declarant's Amended Cross-Complaint, that Declarant's finger would be restored to normalcy.

"The position of Declarant is more fully set forth in Declarant's First Amended Cross-Complaint.

"Declarant believed and relied upon said oral statements of said Cross-Defendant Doctor, RICHARD G. SAXON, until the beginning of 1964, when Declarant came to the belief that Declarant's finger would never be restored to normalcy. Said finger has never been restored to normalcy, notwithstanding the fact that Declarant has done everything suggested or requested or directed by DR. SAXON to be done in order that the finger might be restored to normalcy."

Quite apart from the fact that appellant's affidavit violates the established California rule that a party may not rely upon the allegations of a verified pleading in opposition to a motion for summary judgment (*Coyne* v. *Krempels*, 36 Cal.2d 257, 262-263 [223 P.2d 244]; *Weir* v. *Snow*, 210 Cal. App.2d 283, 290-291 [26 Cal.Rptr. 868]), the only pertinent matter contained in appellant's cross-complaint is the general averment that "Immediately after [the treatment] . . . and continuously thereafter, until within less than one year prior to the filing of this cross-complaint respondent had advised appellant that the condition of his finger was a natural and

temporary result of the treatment and would respond to exercise and the application of heat; that appellant relied thereon and followed the respondent's directions until "within the past few months, and within the calendar year of 1964, [appellant] has first learned that said finger will never be restored to its normal use and appearance." The cross-complaint, of course, also makes the further general allegations that respondent knew his statements to appellant were false but that appellant believed and relied upon them.

In his brief filed herein appellant relies upon the cases of *Stafford* v. *Shultz*, 42 Cal.2d 767 [270 P.2d 1], and *Garlock* v. *Cole*, 199 Cal.App.2d 11 [18 Cal.Rptr. 393], for the proposition that the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3) does not begin to run until the patient not only knows that he has been injured but also knows that the cause of such injury was his physician's wrongful acts and further that because a physician is in a fiduciary relationship with his patient the patient may rely upon the physician's statements under circumstances that would otherwise be deemed sufficient to impose a duty upon a stranger to make an independent investigation of a suspicious condition.

However, appellant has wholly failed to bring himself within the purview of either of these accepted rules since his declaration in opposition does not deny any of the specific evidentiary facts set forth in respondent's affidavits. Therefore, we must accept as true the fact that the fiduciary doctor-patient relationship existing between the parties terminated when appellant failed to keep his scheduled appointment with respondent in March 1962, and never thereafter returned for further treatment.

Even if any question could possibly exist on this point, however, it is unquestionably true that appellant's letter to respondent written January 7, 1963, establishes fully that by that date appellant was actually asserting misconduct on the part of respondent in connection with the treatment given him and yet wholly failed to take any legal action until June 3, 1964, when, in response to respondent's efforts to recover his fee for services rendered, appellant filed his cross-complaint in the present proceeding.

Therefore, it is clear that the summary judgment was properly granted in the instant case. " 'The purpose to be served by the summary judgment procedure is to expedite litigation by avoiding needless trials. While it is not a substitute for a regular trial and does not authorize the trial of any bona

fide issues of fact which the affidavits may reveal, it permits the court to pierce the allegations of the pleadings to ascertain whether a genuine cause of action in fact exists or whether the defense interposed is sham or feigned.' '' (*Aero Properties, Inc.* v. *Gottlieb,* 206 Cal.App.2d 711, 715 [24 Cal.Rptr. 277], and cases cited therein.)

As a final point appellant contends that the declarations filed by respondent in support of his motion are technically and formally insufficient although they conclude in the exact fashion prescribed by section 2015.5 of the Code of Civil Procedure, i.e., ''I certify under penalty of perjury that the above is true and correct.'' Appellant contends, however, that they are fatally defective because they do not include the customary form: ''Executed on___(date)___, 196_, at_____ (place)___, California.'' However, the declaration filed by respondent personally is dated and indicates on its face that it was executed in Los Angeles County in the identical fashion approved in *McCauley* v. *Superior Court,* 190 Cal.App.2d 562, 563 [12 Cal.Rptr. 119]. It is true that the declaration filed by respondent's attorney is undated but since facts stated therein are cumulative of those set forth in respondent's personal declaration it is unnecessary for us to decide the effect of this technical defect or of appellant's failure to complain thereof in the court below.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied December 13, 1966, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1967.