Filed 3/22/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| LATRICE RUBENSTEIN, | D066722 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. ECU08107) |
| DOE  No. 1, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Imperial County, Juan Ulloa, Judge.  Reversed and remanded with directions.

Elliott N. Kanter, for Plaintiff and Appellant.

Daley & Heft, Lee H. Roistacher, Richard J. Schneider and Reece A. Roman for Defendant and Respondent.

In this case, we reject the argument that the trial court lacked jurisdiction to grant a Government Code section 946.6 petition finding that the statutory delayed discovery rule of Code of Civil Procedure section 340.1 applied to delay the accrual date of plaintiff's action for childhood sexual abuse.  (Code Civ. Proc., § 340.1, subd. (a).)  (Undesignated statutory references are to the Code of Civil Procedure.)  We also address a number of issues of first impression regarding the certificate of merit requirement under section

340.1, including that: (1) the certificates are not required to be filed under penalty of perjury; (2) the certificates must contain some facts to allow the trial court to determine there is a reasonable and meritorious cause for filing the action; (3) certificates must be filed as to all named Doe defendants unless the plaintiff invokes section 474 pertaining to lawsuits against fictitiously named defendants; and (4) after filing the complaint and certificates, the plaintiff must file an ex parte application seeking an in camera review of the certificates.

As we shall discuss, the trial court erred in sustaining defendant's demurrer to a complaint alleging childhood sexual abuse. Accordingly, we reverse the judgment of dismissal and remand the matter for further proceedings in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

In 1993, Latrice Rubenstein was a high school student. That year, her cross-country and track coach (coach) began sexually molesting her. Coach was an employee of Doe 1, a public entity (defendant). In early 2012, when Rubenstein was about 34 years old, the latent memories of the sexual abuse resurfaced. She filed a claim under the Government Claims Act (Gov. Code, § 810 et. seq.) with defendant, but defendant denied the claim as late filed. Later that year, she filed a complaint against defendant in Imperial County without the required certificates of merit. She ultimately dismissed the action.

She then filed a complaint in San Diego County against Doe 1 and Does 2 through 20. The complaint included certificates of merit as to Doe 1 and an individual not named in the complaint. She also filed a petition for relief under Government Code section 946.6 (the petition). The trial court granted Rubenstein's petition. The trial court later

2

granted defendant's motion to change venue to Imperial County. After the case returned to Imperial County, defendant demurred to the complaint. In lieu of opposing the demurrer, Rubenstein filed a first amended complaint (the complaint). Attached to the complaint were the previously filed certificates of merit from her attorney and a psychiatrist.

Defendant again demurred. The trial court sustained the demurrer without leave to amend, finding: (1) Rubenstein did not seek a finding of merit after an in camera review before serving the original or amended complaint; (2) the certificate of merit submitted by Rubenstein's counsel failed to articulate facts supporting his conclusion that Rubenstein's claim is meritorious; (3) the psychiatrist's letter was not executed under penalty of perjury and otherwise failed to articulate any facts supporting the conclusion that Rubenstein's claim is meritorious; and (4) no certificates of merit were filed for parties sued as Does 2 through 20. The trial court also found Rubenstein's failure to comply with the procedural hurdles of section 340.1 within 30 days of the order granting her Government Code section 946.6 petition rendered her claim against defendant fatally time barred and dismissed the action. Rubenstein timely appealed from the judgment of dismissal.

DISCUSSION

I. <em>Government Code section 946.6 Petition</em>

Defendant contends the trial court lacked jurisdiction to grant Rubenstein's petition because she filed the petition more than a year after her cause of action accrued in 1994. Defendant also asserts the trial court properly sustained the demurrer without leave to

3

amend because Rubenstein failed to file the required certificates of merit within 30 days after the trial court granted the petition.  Defendant asserts it did not file a cross-appeal from the judgment as review of these issues is proper under section 906.  We agree that section 906 applies.

Generally, a respondent who has not appealed from the judgment may not urge error on appeal.  (*Hutchinson v. City of Sacramento* (1993) 17 Cal.App.4th 791, 798.)  A statutory exception exists that allows a respondent to assert a legal theory which may result in affirmance of the judgment.  (*Ibid.*; § 906.)  Here, assuming we agree with either of defendant's arguments, the result would be an affirmance of the judgment of dismissal. Accordingly, we address the merits of defendant's arguments.  As we shall explain, defendant's contentions are meritless.

A.  General Legal Principles

Generally, a claim must be presented to a public entity as a prerequisite for filing a suit for "money or damages" against the public entity.  (Gov. Code § 945.4, subd. (b).)  A plaintiff must file a claim with defendant no later than six months after "the accrual of the cause of action."  (Gov. Code, § 911.2, subd. (a).)  Alternatively, a late claim may be presented within a reasonable time after accrual, not to exceed one year.  (Gov. Code, § 911.4, subd. (b).)  If the application to file a late claim is denied, a plaintiff may petition the court for an order relieving plaintiff from the claims presentation requirement.  (Gov. Code, § 946.6.)  The court, however, lacks jurisdiction to grant relief if the application is filed more than one year after the cause of action accrued.  (Gov. Code, § 911.4, subd.

(b).)  If the court approves the plaintiff's petition for relief, the plaintiff has 30 days in which to file a complaint.  (Gov. Code, § 946.6, subd. (f).)

The accrual date for claim filing purposes is the same as the accrual date for a corresponding civil cause of action.  (Gov. Code, § 901.)  Section 340.1 sets forth the limitations period for filing an action for childhood sexual abuse.  (*Quarry v. Doe I* (2012) 53 Cal.4th 945, 952 (*Quarry*).)  Thus, section 340.1 governs the accrual date for claim filing purposes.

Generally, a civil cause of action for child molestation accrues at the time of the molestation (*K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1239 (*K.J.*)), but delayed discovery principles may apply to a cause of action arising out of childhood sexual abuse.  (*Id.* at p. 1241.)  As detailed in *Quarry*, section 340.1 has been amended numerous times.  (*Quarry*, *supra*, 53 Cal.4th at pp. 962-972.)  As relevant here, the Legislature removed reference to common law delayed discovery principles from section 340.1 in 1994.  (*Quarry*, at p. 983.)  This deletion and "the addition of a strict age limit for some cases but a statutory discovery rule for others" indicated that section 340.1, not common law delayed discovery principles, govern application of the statute of limitations to all late-discovered claims based upon childhood sexual abuse.  (*Quarry*, at p. 984.)

In 2002, the Legislature again amended section 340.1 and "provided a longer limitations period for childhood sexual abuse claims, subject to the statutory delayed discovery rule already defined by subdivision (a) of the statute."  (*Quarry*, *supra*, 53 Cal.4th at p. 968.)  This statutory delayed discovery rule provides that an action for

5

damages suffered as a result of childhood sexual abuse must be filed "within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever period expires later."  (§ 340.1, subd. (a).)  Where, as here, the action is against an entity that employed or supervised the individual perpetrating the abuse, the action cannot be filed after the plaintiff's 26th birthday (§ 340.1, subd. (b)(1)) unless the entity "knew or had reason to know, or was otherwise on notice, of any unlawful sexual conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person . . . ."  (§ 340.1, subd. (b)(2); see generally, *Quarry*, at pp. 968-969.)

Although not relevant here, it is important to note that in 2008 the Legislature added subdivision (m) to Government Code section 905, to provide an exception to the claim presentation requirement for childhood sexual abuse claims arising out of conduct occurring on or after January 1, 2009.  Because the conduct in this case occurred in 1994, this amendment does not apply.  Nonetheless, we agree with an observation made by the *K.J.* court that the amendment appears "declaratory of existing law to the extent that it applies the delayed discovery doctrine to the accrual of a cause of action brought by an adult plaintiff against a public entity for childhood sexual abuse."  (*K.J.*, *supra*, 172 Cal.App.4th at p. 1234, fn. 2.)

6

B.  Analysis

Defendant argues that the common law delayed discovery doctrine no longer exists for childhood sexual abuse claims after *Quarry*.  Accordingly, defendant asserts Rubenstein's claim accrued after the last molestation occurred in 1994, that she had six months from the date of accrual to file a claim, but did not file a claim until 18 years later in 2012.  We disagree.

Defendant correctly states that a civil cause of action for child molestation generally accrues at the time of the molestation and that *Quarry* eliminated the common law delayed discovery doctrine for childhood sexual abuse claims.  (*Ante*, pt. I.A.)  Defendant, however, incorrectly asserts delayed discovery no longer exists for childhood sexual abuse claims.  As our prior discussion indicates, *Quarry* simply acknowledged the legislative action of removing reference to *common law* delayed discovery principles from section 340.1 and the creation of a statutory delayed discovery rule.  (*Quarry*, *supra*, 53 Cal.4th at p. 984.)

The statutory delayed discovery rule in section 340.1 provides that an action against the person that committed the abuse is timely if brought prior to the plaintiff's 26th birthday or within three years of the date the plaintiff discovers or reasonably should have discovered the injury caused by the sexual abuse, whichever period expires later.  (§ 340.1, subd. (a)(1).)  Similarly, an action against any person or entity whose (1) breach of a duty of care owed to the plaintiff caused the sexual abuse (§ 340.1, subd. (a)(2)) or (2) intentional act caused the sexual abuse (§ 340.1, subd. (a)(3)) is timely "if the person or entity knew or had reason to know, or was otherwise on notice, of any unlawful sexual

7

conduct by an employee, volunteer, representative, or agent, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by that person, including, but not limited to, preventing or avoiding placement of that person in a function or environment in which contact with children is an inherent part of that function or environment.  For purposes of this subdivision, providing or requiring counseling is not sufficient, in and of itself, to constitute a reasonable step or reasonable safeguard."  (§ 340.1, subd. (b)(2).)

Doe 1 is an entity and is not alleged to be the perpetrator of the abuse. Accordingly, the question presented is whether Rubenstein alleged facts invoking the statutory delayed discovery rule for a nonabuser entity as described in subdivision (b)(2) of section 340.1.  Defendant did not challenge Rubenstein's allegations below and our review of the complaint show the allegations are adequate for pleading purposes.

Rubenstein alleged that coach, an employee of the entity defendant, sexually molested her around 1993 when she was a high school student.  Defendant and its employees owed her a duty of care and defendant is vicariously liable for the negligence of its employees who knew or should have known about the coach's unlawful sexual misconduct.  Defendant, through its employees, knew or should have known that coach had previously engaged in unlawful sexual conduct with minors, but nonetheless hired coach to work directly with minors while failing to protect Rubenstein from this foreseeable danger.  In early 2012, when Rubenstein was about 34 years old, the latent memories of the sexual abuse resurfaced.  These allegations of ultimate fact are sufficient

8

to invoke the delayed discovery rule of accrual. (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545-546, 550.)

The claim she presented to defendant in June 2012, within six months after she allegedly realized that coach had sexually molested her, is timely for pleading purposes. To escape this result, defendant asserts Rubenstein cannot rely on delayed discovery because she was 15 or 16 when the alleged molestation occurred and cannot legitimately assert she was unaware of the wrongfulness of her coach's conduct when it occurred. For purposes of demurrer, however, the allegations of the complaint must be taken as true, no matter how unlikely or improbable. (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.)

Defendant next argues that the trial court properly sustained the demurrer without leave to amend because Rubenstein failed to file the required certificates of merit within 30 days after the court granted her petition in August 2013. Rubenstein asserts she filed timely certificates of merit when she filed the complaint in March 2013, and thus did not have to re-file the certificates or file a new complaint within 30 days after the trial court's ruling. We agree with Rubenstein.

If the court makes an order relieving a petitioner from the claims presentation requirement of Government Code section 945.4, suit on the cause of action to which the claim relates must "be filed with the court within 30 days thereafter." (Gov. Code, § 946.6, subd. (f).) Complying with this time period is mandatory. (*Fritts v. County of Kern* (1982) 135 Cal.App.3d 303, 305-306 [plaintiff one day late in filing complaint; demurrer sustained].)

9

Here, however, at the time Rubenstein filed the petition for relief she simultaneously filed her complaint alleging compliance with the claims statutes and attached the required certificates of merit. Defendant cited no authority to support its implied argument that Rubenstein was required to undertake the idle act of re-filing the complaint and certificates of merit after the court issued its ruling on the petition. Rather, other courts have rejected similar arguments.

In *Savage v. State of California* (1970) 4 Cal.App.3d 793, the plaintiff filed a complaint against the state alleging that an application for leave to file a late claim was pending. (*Id.* at p. 795.) After the court granted her petition for relief under Government Code section 946.6, she filed a supplement to the complaint describing this event. (*Savage v. State of California*, at p. 795.) Because the plaintiff had already filed a complaint against the state, and was later relieved of the necessity of filing a claim, the appellate court rejected the argument that plaintiff should have filed a new complaint. (*Id.* at pp. 796-797.)

Similarly, in *Bahten v. County of Merced* (1976) 59 Cal.App.3d 101 (*Bahten*), the plaintiffs filed suit against a public entity while their petition for leave to file a late claim was pending. (*Id.* at p. 104.) The complaint did not allege compliance with Government Code claim procedures. (*Ibid.*) The plaintiffs then obtained a court order under Government Code section 946.6 relieving them of the claim filing requirements, and they described this development in an amended complaint. (*Bahten*, at p. 104.) Although plaintiffs filed the first amended complaint more than 30 days after the court order under Government Code section 946.6 (*Bahten*, at p. 106), the appellate court determined that

10

the 30-day limitation period is satisfied when a complaint against the public entity is already on file when the order is made. (*Id.* at p. 112; see *State of Calif. v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1244 [approving *Savage* and *Bahten* where a premature complaint against the public entity was already on file when the plaintiff successfully petitioned for leave to present a late claim, but disapproving *Bahten* to the extent the case stated that compliance with the claim presentation requirement is not an element of a cause of action against a public entity].)

Here, Rubenstein filed a complaint against defendant alleging compliance with the Government Code claims procedures and attached the certificates of merit *before* the trial court granted her petition. Accordingly, we reject defendant's argument that the action is time barred because Rubenstein did not file an amended complaint or re-file the certificates of merit within 30 days after the court issued its order on the petition.

## II. *Certificates of Merit*

A. General Legal Principles

Every plaintiff 26 years of age or older at the time an action for childhood sexual abuse is filed must file certificates of merit. (§ 340.1, subd. (g).) The purpose of the certificate of merit requirement is to impose " 'pleading hurdles aimed at reducing frivolous claims.' " (*Jackson v. Doe* (2011) 192 Cal.App.4th 742, 752.) Separate certificates of merit must be filed for each defendant named in the complaint. (§ 340.1, subd. (i).) Subdivision (h) of section 340.1, details the certificate of merit requirement.

Briefly, the plaintiff's attorney and a licensed mental health practitioner must file certificates showing there is reason to believe plaintiff suffered childhood sexual abuse.

11

(§ 340.1, subd. (h).) The trial court reviews the certificates of merit in camera to determine if there is a "reasonable and meritorious cause for the filing of the action" against each defendant. (§ 340.1, subd. (j).) If the court makes such a finding, the duty to serve that defendant arises. (*Ibid.*) Additionally, a plaintiff 26 years of age or older must name a defendant by "Doe" designation until the plaintiff's attorney obtains permission to amend the complaint to substitute the name of the defendant for the fictitious designation name by filing an application and executing a certificate of corroborative fact as to the charging allegations against that defendant. (§ 340.1, subds. (m), (n)(1), (o).) A failure to comply with these requirements is ground for demurrer or motion to strike the complaint and may constitute unprofessional conduct subject to disciplinary action against plaintiff's attorney. (§ 340.1, subds. (k), (l).)

B. Propriety of Certificates of Merit

The trial court sustained the demurrer without leave to amend on the ground the certificates of merit contained no facts and the mental health practitioner did not sign the certificate under penalty of perjury. Rubenstein asserts the trial court erred because the certificates are not required to contain facts or be filed under penalty of perjury. Even assuming she is wrong on these points, Rubenstein asserts the trial court should have allowed her leave to amend to correct the deficiencies. We conclude the certificates were not required to be filed under penalty of perjury, but that they must contain sufficient factual support so as to allow the trial court to determine whether there is a reasonable and meritorious cause for filing the action. Because Rubenstein's certificates were

12

deficient in this regard, the trial court should have allowed her leave to amend to correct the deficiencies.

1. Penalty of Perjury

An affidavit is one mode of taking the testimony of a witness (§ 2002) and consists of "a written declaration under oath" (§ 2003) taken before "any officer authorized to administer oaths" (§ 2012). The Legislature added section 2015.5 in 1957 to streamline the oath or affirmation procedure in order to hold one legally responsible for information given in an official document and eliminate many of the technicalities and formalities which made prosecutions for perjury difficult. (*People v. Flores* (1995) 37 Cal.App.4th 1566, 1572-1573.) Section 2015.5 provides "*Whenever*, under any law of this state . . . made pursuant to the law of this state, *any matter is required* . . . to be . . . evidenced . . . *by the sworn* statement, declaration, verification, certificate, oath, or affidavit, in writing of the person making the same . . . such matter *may* with like force and effect be . . . evidenced . . . by the unsworn . . . declaration . . . in writing of such person which recites that it is . . . declared by him or her to be true under penalty of perjury.…" (Italics added.)

Thus, section 2015.5 provides that *if* a statement in writing, such as a certificate, is required to "sworn," executing the certificate under penalty of perjury in the format delineated in section 2015.5 will be sufficient. As another court noted, section 2015.5 "sheds no light on *whether* the declaration [or certification] required in [a particular statute] must be under penalty of perjury." (*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 234 (*Mabry*).) The question presented is whether section 340.1

13

requires certificates of merit to be sworn. If so, then the certificates must either meet the affidavit procedure or be executed under penalty of perjury per section 2015.5.

To "swear" means a person took an oath. (Black's Law Dictionary (10th ed. 2014) p. 1677.) An "oath" includes a declaration under penalty of perjury. (Evid. Code, § 165.) Subdivision (h) of section 340.1 provides that "[c]ertificates of merit shall be executed by the attorney for the plaintiff and by a licensed mental health practitioner selected by the plaintiff *declaring*, respectively, as follows, setting forth the facts which support the *declaration* . . . ." (Italics added.) The plain language of the statute does not require that the certificates be "sworn" or executed under penalty of perjury. (*Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214 [if statutory language is unambiguous, the plain meaning of the statute controls].)

Defendant seizes on the statutory language that the attorney and licensed mental health practitioner "declar[e]" facts supporting the "declaration" to support its argument that the certificates must be executed under penalty of perjury. (§ 340.1, subd. (h).) As another court noted, "ordinary English usage of the word 'declaration' imports no requirement that it be under oath. In the Oxford English Dictionary, for example, numerous definitions of the word are found, none of which require a statement under oath or penalty of perjury. In fact, the second legal definition given actually juxtaposes the idea of a declaration against the idea of a statement under oath: 'A simple affirmation to be taken, in certain cases, instead of an oath or solemn affirmation.' " (*Mabry*, *supra*, 185 Cal.App.4th at p. 233.)

As Rubenstein aptly notes, the Legislature is well aware of the distinction between a "declaration" and a "declaration under penalty of perjury" and cited numerous statutes utilizing the phrase "declaration under penalty of perjury." (See e.g., §§ 98 [allowing prepared testimony of relevant witnesses in limited actions in the form of affidavits or declarations under penalty of perjury]; 170.6 [motion to disqualify judge may be "supported by affidavit or declaration under penalty of perjury, or an oral statement under oath . . . ."].) Similarly, a certificate need not be under penalty of perjury unless the Legislature has so required. (See e.g., Gov. Code, § 1094 [certificate required to be under penalty of perjury]; Welf. & Inst. Code, § 11265, subd. (b)(2) [same]; Rev. & Tax. Code, § 18668, subd. (e)(4) [same]; Gov. Code, § 9130.5 [same]; Rev. & Tax. Code, § 60503 [same]; compare, Wat. Code § 26130 [certificate required with no mention of penalty of perjury]; Corp. Code, § 109 [same]; Gov. Code, § 66499.35 [same]; Pen. Code, § 597p [same]; Food & Agric. Code, § 2120 [same].)

"[I]f the Legislature wanted to say that the statement required in [a statute] must be under penalty of perjury, it knew how to do so." (*Mabry*, *supra*, 185 Cal.App.4th at p. 233.) That the Legislature did not require certificates to be executed under penalty of perjury is not surprising as the purpose of the requirement is to reduce frivolous claims (*Jackson v. Doe*, *supra*, 192 Cal.App.4th at p. 752), rather than provide admissible evidence at a time in the litigation when discovery has not even commenced.

Notably, a method exists to ensure that the certificates, despite not being filed under penalty of perjury, have been filed in good faith. Section 128.7 provides that an attorney's signature on a court paper constitutes a certificate that: (1) the filing is not

15

being presented primarily for an improper purpose; (2) the legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify or reverse existing law; and (3) the factual allegations or contentions have or are likely to have evidentiary support. (§ 128.7, subd. (b)(1)-(3).) The statute expressly applies to pleadings (*id.* at subd. (a)), and thus would apply to the certificates of merit which are considered "an aspect of the complaint." (*Doyle v. Fenster* (1996) 47 Cal.App.4th 1701, 1707.) The statute provides a method for a party to seek sanctions or for the court to impose sanctions on its own motion. (§ 128.7, subd. (c)(1) & (2).) Significantly, the statute imposes a continuing obligation on a party and counsel to insure that claims are factually and legally sound. (*Id.* at subd. (b) [counsel's certification applies to the initial pleading and as to "later advocating"].) Additionally, section 1038 provides a public entity with a way to recover the costs of defending against unmeritorious and frivolous litigation. (*Kobzoff v. Los Angeles County Harbor/UCLA Medical Center* (1998) 19 Cal.4th 851, 857.) Under section 1038, sanctions may be awarded in a tort action against a governmental entity if the court finds the action was "not brought in good faith and with reasonable cause."

2. Facts within Certificates

The trial court sustained the demurrer without leave to amend because the certificates did not contain supporting facts. Rubenstein asserts the trial court erred because the certificates stated the facts required by the statute and nothing more is required. On this point, the trial court did not err, but it should have allowed Rubenstein leave to amend the certificates.

16

Before an action for childhood sexual abuse may be served, the trial court must review the certificates of merit in camera and make a finding "that there is reasonable and meritorious cause for the filing of the action against that defendant." (§ 340.1, subd. (j).) To aid in this requirement, subdivision (h) of section 340.1 provides that the certificates of merit "set[] forth the facts which support the declaration . . . ."

Section 340.1 is modeled after section 411.35, an earlier statute requiring certificates of merit be filed for malpractice actions against certain construction professionals. (*Jackson v. Doe*, *supra*, 192 Cal.App.4th at p. 751, fn. 5; § 411.35. subd. (a).) Section 411.35 requires that the plaintiff's or cross-complainant's attorney file and serve a "certificate" "executed by the attorney for the plaintiff or cross-complainant declaring" the attorney consulted with and received an opinion from an expert in the field "that there is reasonable and meritorious cause for the filing of this action" or an adequate excuse for not doing so. (§ 411.35, subd. (b).)

Notably, subdivision (h) of section 340.1 differs from subdivision (b) of section 411.35 by requiring that the certificates of merit "set[] forth the facts which support the declaration.…" In interpreting a statute we strive to give meaning to every word and avoid a construction making any word surplusage. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 22.) Following this maxim of construction, we must presume the Legislature did not want the section 340.1 certificates to simply recite the statutory language contained in subdivision (h), but rather "set[] forth the facts" supporting the statutory requirements to aid the court in determining whether a reasonable and meritorious cause exists for filing the action.

17

For example, the attorney certificate must show "the attorney has reviewed the facts of the case, that the attorney has consulted with at least one mental health practitioner who is licensed to practice and practices in this state and who the attorney reasonably believes is knowledgeable of the relevant facts and issues involved in the particular action . . . ." (§ 340.1, subd. (h)(1).) Thus, the attorney certificate should, at a minimum, set forth the general facts of the case, the name of the licensed mental health practitioner consulted and some facts supporting the attorney's conclusion that the practitioner consulted is knowledgeable of the relevant facts and issues involved in the particular action. Similarly, the certificate of the practitioner should set forth some facts showing the practitioner's knowledge of the facts and issues in the action, why the practitioner reasonably believes the plaintiff had been subjected to childhood sexual abuse and how the plaintiff discovered the alleged abuse. (§ 340.1, subd. (h)(2); see Evid. Code, § 801.)

If the trial court believes a certificate is deficient and that the deficiency is potentially correctable, it should allow the plaintiff leave to amend. (See *Price v. Dames & Moore* (2001) 92 Cal.App.4th 355, 360 [trial court should have allowed leave to amend defective section 411.35 certificate].) Here, although the attorney's certificate concluded that a reasonable and meritorious cause existed for filing of the action and the practitioner's certificate concluded that Rubenstein had been subjected to childhood sexual abuse, they contained no facts supporting these conclusions. Thus, the certificates lacked sufficient factual support so as to allow the trial court to determine whether there existed a reasonable and meritorious cause for filing the action. Because the action was

18

not fatally time barred, the trial court should have granted leave to amend to correct the deficiencies.

C.  Certificates of Merit for Does 2 though 20

The trial court sustained the demurrer without leave to amend because the complaint contained allegations against Does 2 though 20, but Rubenstein failed to file the required certificates of merit as to these defendants.  Rubenstein claims that Does 2 through 20 are not "named" defendants as contemplated by subdivision (i) of section 340.1; rather, these Does are defendants as contemplated by section 474.  As we shall explain, the trial court erred by not allowing Rubenstein leave to amend to clarify her allegations.

Where a plaintiff is ignorant of the true name of a defendant or the facts rendering a defendant liable, the plaintiff may include fictitious names as defendants in the complaint (e.g., "Does 1 through 10 inclusive") and allege that the identities and capacities in which they acted are unknown.  (§ 474.)  Plaintiffs may invoke section 474 by alleging they are (1) ignorant of the true names or capacities of the defendants sued under the fictitious names, or (2) suing the fictitiously named defendants under section 474.  (See *Motor City Sales v. Superior Court* (*Proulx*) (1973) 31 Cal.App.3d 342, 347-348.)  In contrast, subdivision (m) of section 340.1 states that "no defendant may be named except by 'Doe' designation . . . until there has been a showing of corroborative fact as to the charging allegations against that defendant" and subdivision (i) provides that "the attorney for the plaintiff shall execute a separate certificate of merit for each defendant named in the complaint."

19

Rubenstein argues the fictitiously named defendants in her complaint are contemplated by section 474. Her complaint, however, contains no allegations invoking section 474. Rather, Rubenstein alleged in her complaint that she named defendants by the Doe designation "until such time as the Court . . . finds that there has been a showing of corroborative facts." This allegation suggests Rubenstein knows the identity of Does 2 through 20. In light of this inconsistency, the trial court should have allowed plaintiff leave to amend to clarify her allegations and: (1) file the required certificates of merits as to all named Doe defendants; or (2) invoke section 474. We express no opinion on whether Rubenstein may genuinely claim the benefits of section 474, including application of the relation-back doctrine or whether this issue can be decided at the pleading stage. (*Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599 ["Where a complaint sets forth, or attempts to set forth, a cause of action against a defendant designated by fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date of the earlier pleading."].)

As an aside, review of the attorney's certificate of merit filed by Rubenstein suggests she knows the identity of at least one other Doe defendant because the certificate names an individual as a defendant. The complaint, however, contains no specific allegations as to this individual. If Rubenstein intended to sue this individual she should be allowed leave to amend to add this individual as a "named" Doe within her complaint.

D.  Lack of In Camera Finding of Merit

All plaintiffs 26 years of age or older at the time an action alleging childhood sexual abuse is filed must file certificates of merit.  (§ 340.1, subd. (g).)  The duty to serve a defendant arises after the trial court reviews the certificates of merit in camera and finds a "reasonable and meritorious cause for the filing of the action" against each defendant.  (§ 340.1, subd. (j).)

Here, although Rubenstein filed the required certificates concurrently with her initial complaint and amended complaint, she did not obtain an in camera review of the certificates before serving defendant.  Defendant demurred on this ground asserting the defect could not be cured because Rubenstein failed to file the certificates and obtain an in camera review within 30 days after the trial court granted her petition.  The trial court cited this defect as another basis for sustaining the demurrer without leave to amend. Rubenstein argues the only method for challenging improper service is by a motion to quash and defendant's motion to change venue constituted a general appearance which waived defendant's right to challenge service. (§ 1014; *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414, 419 [party waives any objection to court's exercise of personal jurisdiction when party makes a general appearance in the action].)

We agree with Rubenstein's general premise that a motion to quash is the proper method for a defendant to challenge an improper summons or service without making a general appearance.  (§ 418.10, see generally, Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2015) ¶4:411, pp. 4-66 to 4-67.)  Defendant, however, is not challenging service or the personal jurisdiction of the trial court.  Rather,

21

defendant asserts Rubenstein violated the requirements of subdivision (j) of section 340.1 by not obtaining an in camera review of the certificates before serving the complaint. The question presented is whether this defect is a proper ground for sustaining the demurrer without leave to amend.

As discussed above, we rejected defendant's argument that the action is time barred because Rubenstein did not file an amended complaint or re-file the certificates of merit within 30 days after the court issued its order on the petition. (*Ante*, pt. I.B.) Accordingly, the trial court erred in citing this purported defect as a basis for sustaining defendant's demurrer without leave to amend.

In any event, we reject defendant's implied argument that the trial court must undertake an in camera review of the certificates of merit *before* expiration of the statute of limitations. First, section 340.1 contains no such requirement. Additionally, under certain circumstances, subdivision (h)(3) of section 340.1 allows the late filing of certificates where the certificates cannot be filed before the statute of limitations expires. In such situations, by necessity, the in camera review could not occur before the statute of limitations had expired. Here, Rubenstein timely filed the certificates, but then erroneously served her complaint before requesting an in camera review. Under these circumstances, we see no reason why Rubenstein cannot request an in camera review and obtain the necessary finding before serving any amended pleading.

Finally, Rubenstein argued below that she filed the required certificates with the complaint and is not responsible for the trial court's failure to undertake the required in camera review. We disagree. Trial courts manage hundreds of cases and are not in a

22

position to know about a procedural requirement in a particular case unless a party brings the procedural requirement to the court's attention. The proper method of doing so is with an ex parte application seeking an in camera review of the certificates and explaining in the accompanying declaration why notice was not required. (See generally, Calif. Rules of Court, rules 3.1200 et seq.)

## DISPOSITION

The judgment of dismissal is reversed. The matter is remanded with directions to the trial court to enter an order sustaining the demurrer with leave to amend. Plaintiff is entitled to her costs on appeal.

McINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.